## A. CAVELLIER v. C. DAVENPORT et al.

Plaintiff enjoined a sale of real estate provoked by the administrator of a succession. The apparent title was in the succession, but the plaintiff was really jointly interested. Pending the suit, the defendants were evicted in favor of a third party, by which the title of both plaintiff and defendant was defeated; defendant claimed damages in reconvention, on the ground that a person was ready on the day of sale to buy the property and assume the risk of the claim of the evicting party, and plaintiffs' injunction had prevented the sale. *Held :* That plaintiff was not bound to accede to a compromise of his rights and his refusal so to do, caused merely *damnum absque injuria.*

APPEAL from the District Court of East Baton Rouge, *Burk,* J.

*T. G. & P. H. Morgan,* for plaintiff. *Elam,* for defendants and appellants.

OGDEN, J. The administrator of the estate of *John Davenport,* obtained an order for the sale of certain lands in the parish of East Baton Rouge, which order of sale was enjoined by the plaintiff on the ground, that although the apparent legal title to the property was vested in *John Davenport,* yet in point of fact the property had been purchased by *Davenport* for the joint account of the plaintiff and himself. The object of the suit was to obtain a decree recognizing the plaintiff as the owner of an undivided half of the property. After the suit was instituted, the estate of *Davenport* was evicted from the lands, which are the object in controversy, by a judgment rendered in the Circuit Court of the United States for the Eastern District of Louisiana, in favor of the heirs of *Fletcher.* It has been admitted by both parties to the present appeal, that the title to the property has, by the effect of that judgment, forever passed away from them both, and that it is therefore unnecessary for us to inquire into the correctness of the judgment of the court below, which decreed the plaintiff to be the owner of one-half of the land. The defendants, however, contend that they are entitled to a judgment on their reconventional demand, claiming damages for the injury alleged to have been sustained by them by the illegal interference of the plaintiff, by which a sale of the property was prevented. They allege, in their answer, that on the day on which the property was to have been sold, a purchaser was present ready and willing to assume the claim of *Fletcher's* heirs, and pay a large sum for the land.

If a reconventional demand for damages could be properly admitted in a case like this, we are unable to see how the plaintiff, in prosecuting his claim to be recognized as joint owner, with *Davenport's* estate, of the land in controversy, can be said to have done an illegal act for which he might be made

CAVELLIER
v.
DAVENPORT. responsible in damages.   The plaintiff was not bound to make the compromise which the defendants urged upon him, and were it certain that his refusal to do so, occasioned ultimately a loss to both parties, by depriving them of an opportunity of selling to a person who was willing to take upon himself the risk of the adverse title of the *Heirs of Fletcher*, it was *damnum absque injuria*, and the defendants are not entitled to any damages from the plaintiff.

We see no error in the judgment appealed from, which justifies us in reversing it ; but as it has been admitted by both parties, that the title under which they claim has been set aside by the judgment in the United States' Court in favor of the *Heirs of Fletcher*, we will direct that no writ of possession issue in favor of the plaintiff, as long as the judgment of the Circuit Court of the United States remains unreversed.

It is therefore ordered and adjudged, that the judgment of the court below be affirmed, but that no writ of possession issue under said judgment, as long as the decree of the Circuit Court of the United States for the Eastern District of Louisiana in the case of *Fletcher's Heirs, complainants,* v. *John Davenport's Heirs,* remains in force.   It is further ordered, that the costs of this appeal be paid by the appellants.